# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|                    |   |                      |
|--------------------|---|----------------------|
|                    | ) |                      |
| STATE OF DELAWARE  | ) |                      |
|                    | ) | I.D. No. 30900552DI  |
| v.                 | ) |                      |
|                    | ) |                      |
| MONROE T. LAWS,    | ) |                      |
|                    | ) |                      |
| Defendant          | ) |                      |

Submitted: August 12, 2015
Decided: November 9, 2015

On Defendant's Fifth Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

Joseph S. Grubb, Esquire, New Castle County Prosecutor, Department of Justice, Wilmington, Delaware, Attorney for the State.

Monroe T. Laws, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 9th day of November, 2015, upon consideration of Defendant's Fifth Motion for Postconviction Relief, it appears to the Court that:

1. On September 11, 1989, Defendant was convicted of three counts of Unlawful Sexual Intercourse First Degree and was sentenced to life imprisonment on each of those convictions.[1]

2. On September 15, 1989, Defendant, through counsel, filed a Notice of Appeal to the Delaware Supreme Court. In his appeal, Defendant raised two issues: (1) his confession was involuntary

---

[1] *State v. Laws*, 2008 WL 1952158, at *1 (Del. Super. May 2, 2008).

because he was under the influence of crack cocaine at the time; and (2) his confession was involuntary because he was denied the right to counsel.[2] After his attorney filed a Motion to Withdraw, Defendant asserted another claim *pro se* alleging that there was insufficient evidence to support his conviction.[3] On April 17, 1990, the Delaware Supreme Court affirmed Defendant's conviction. Despite Defendant's claims, the Delaware Supreme Court held Defendant's claims were "manifest on its face that the appeal [was] wholly without merit."[4]

3. Defendant then filed a Writ of Habeas Corpus with the United States District Court for the District of Delaware.[5] The district court dismissed Defendant's claim and found Defendant failed to have exhausted all of his state-court remedies prior to filing.[6]

4. In March 1995, Defendant filed his First Motion for Postconviction Relief in this Court, pursuant to Superior Court Criminal Rule 61.[7] Defendant alleged: (1) his confession was involuntary because he was under the influence of crack cocaine; (2) he was transported to the police station without being informed of his *Miranda* rights; (3) there was insufficient evidence to support the conviction; and (4) ineffective assistance of counsel.[8] Since the Delaware Supreme Court already addressed and rejected Defendant's first three grounds for relief in Defendant's direct appeal, this Court held Defendant was procedurally barred from raising them again.[9] The Court also held that Defendant's final claim of ineffective assistance of counsel was procedurally barred, since it had been filed outside the then three-year limitation.[10]

---

[2] *State v. Laws*, 2009 WL 3022118, at *2 (Del. Super. Sept. 14, 2009).
[3] *State v. Laws*, 2009 WL 3022118, at *2 (Del. Super. Sept. 14, 2009).
[4] *Laws v. State*, 1990 WL 72597, at *2 (Del. 1990) (affirming Defendant's conviction).
[5] *State v. Laws*, 2008 WL 1952158, at *1 (Del. Super. May 2, 2008).
[6] *Laws v. Snyder*, 1996 WL 484835, at *1 (D. Del. Feb. 9, 1995).
[7] *State v. Laws*, 1995 WL 411710, at *1 (Del. Super. June 30, 1995).
[8] *State v. Laws*, 1995 WL 411710, at *1 (Del. Super. June 30, 1995).
[9] *State v. Laws*, 1995 WL 411710, at *1 (Del. Super. June 30, 1995).
[10] *State v. Laws*, 1995 WL 411710, at *1 (Del. Super. June 30, 1995).

5.      On May 25, 2000, Defendant filed a Second Motion for Postconviction Relief.[11] Defendant again raised ineffective assistance of counsel as cause for relief. Defendant also argued his claim should not be precluded by the procedural bars of Rule 61, because the "interest of justice" exception of Rule 61(i)(4) and the "fundamental fairness" exception of Rule 61(i)(5) required an evaluation of the merits of his claims. [12] This Court held, however, the procedural bars did apply and Defendant's Motion was denied. [13]

6.      In March 2008, almost 18 years after judgment against him became final, Defendant filed a Third Motion for Postconviction Relief.[14] This time, Defendant claimed the indictment was defective, because it "failed to allege[] the means by which intercourse occurred as would [sic] enable the accused to prepare his defense." [15] Again, Defendant contended that the "fundamental fairness" exception of 61(i)(5) applied and alleged that a "fundamental miscarriage of justice w[ould] result if the [C]ourt d[id] not review the fatal defect in the indictment."[16] The Court again held that claim was procedurally barred and Defendant failed to make a "colorable claim" to which the narrow exception of Rule 61(i)(5) applied. [17]

7.      In July 2009 Defendant filed his Fourth Motion for Postconviction Relief.[18] Defendant raised three grounds for relief, similar to the allegations in previous motions: (1) that the prosecution "failed to comply with the movants requests for discovery material and inspection of *Brady* material along with information subject to disclosure pursuant to Jencks Act"; (2) the prosecution "failed to make available information subject to disclosure upon the request of the movant involving reports of medical examinations and scientific tests conducted by the

---

[11]*State v. Laws*, 1995 WL 411710, at *1 (Del. Super. June 30, 1995).

[12] *State v. Laws*, 2001 WL 38788, at *2 (Del. Super. Jan. 5, 2001) (denying Defendant's Second Motion for Postconviction Relief on procedural grounds).

[13]*State v. Laws*, 2001 WL 38788, at *2 (Del. Super. Jan. 5, 2001).

[14] *State v. Laws*, 2008 WL 1952158, at *2 (Del. Super. May 2, 2008).

[15] *State v. Laws*, 2008 WL 1952158, at *2 (Del. Super. May 2, 2008).

[16]*State v. Laws*, 2008 WL 1952158, at *2 (Del. Super. May 2, 2008).

[17]*State v. Laws*, 2008 WL 1952158, at *2 (Del. Super. May 2, 2008).

[18] *State v. Laws*, 2009 WL 3022118, at *2 (Del. Super. Sept. 14, 2009).

state's [sic] expert witnesses"; and (3) the prosecution "failed to turn over the Police [sic] reports, The [sic] names of all witnesses and all expert witness-statements [sic]." [19] Defendant asserted, once again, that the "fundamental fairness" exception of 61(i)(5) applied, because "the movant [is] indigent and pro se." [20] The Court denied Defendant's Motion as procedurally bared by the time limitations. [21]

8.    At issue in this case is Defendant's Fifth Motion for Postconviction Relief, which was filed on August 12, 2015. Defendant now states that he is entitled to relief because: (1) the State "illegally detained" Defendant for two hours in violation of the Fourth Amendment; (2) the State "illegally seized" Defendant in violation of the Fourth Amendment; and (3) Defendant never received his *Miranda* rights in violation of the Fifth Amendment."[22]

9.    The Court need not address the merits of Defendant's claim because once again Defendant has failed to overcome the procedural requirements of Superior Court Criminal Rule 61.[23] Rule 61(d)(2) provides that a second or subsequent motion for postconviction relief "shall be summarily dismissed." [24]  As stated previously, this is Defendant's Fifth Motion for Postconviction Relief. However, Rule 61(d)(2) may be overcome if the movant:

   i.    Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted;[25] or

---

[19] *State v. Laws*, 2009 WL 3022118, at *2 (Del. Super. Sept. 14, 2009).
[20] *State v. Laws*, 2009 WL 3022118, at *2 (Del. Super. Sept. 14, 2009).
[21] *State v. Laws*, 2009 WL 3022118, at *2 (Del. Super. Sept. 14, 2009).
[22] Def.'s Fifth Mot. for Postconviction Relief at 3.
[23] *Baily v. State*, 588 A.2d 1121, 1127 (Del. 1991) (stating the Court must first apply the procedural bar under Rule 61 before considering the merits of any claim).
[24] Super Ct. Crim. R. 61(d)(2).
[25] Super. Ct. Crim. R. 61(d)(2)(i).

ii. Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[26]

10. Having determined that all three of Defendant's claims are procedurally barred, this Court further finds that Defendant fails to demonstrate any of his claims are exempt from those procedural bars.[27] None of Defendant's arguments articulate any factual basis to survive the pleading standards of Rule 61(d)(2).[28] The Defendant failed to plead with particularity that new evidence creates a strong inference that he is innocent or a new rule of constitutional law applies retroactively to invalidate his sentence.

Therefore, Defendant's Fifth Motion for Postconviction Relief is **SUMMARILY DISMISSED**.


**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:   Prothonotary
      Investigative Services
      Joseph S. Grubb, Esquire, New Castle County Prosecutor
      Monroe T. Laws

---

[26] Super. Ct. Crim. R. 61(d)(2)(ii).
[27] Super. Ct. Crim. R. 61(i)(5) (requiring satisfaction of the pleading requirements in 61(d)(2)(i)-(ii) for review of an otherwise barred claim).
[28] Super. Ct. Crim. R. 61(i)(5) (referring to 61(d)(2)(i) and (ii) for requisite pleading standards).

5